IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-861-D

| | |
|---|---|
| JACQUELINE EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| VILLAGE GREEN CARE CENTER, LTD.; ) | |
| VILLAGE GREEN REAL ESTATE & ) | |
| DEVELOPMENT; and VILLAGE GREEN ) | |
| REHABILITATION, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on two motions by defendants Village Green Care Center, Ltd., Village Green Real Estate and Development, and Village Green Rehabilitation (collectively "defendants"): (1) a motion (D.E. 21) to compel responses to discovery requests served on plaintiff Jacqueline Evans ("plaintiff") and to modify the Scheduling Order (D.E. 20), and (2) a motion (D.E. 24) for a status conference. No opposition to either motion has been filed by plaintiff, who is proceeding pro se, and the time for doing so has expired. For the reasons set forth below, both motions will be allowed.

## I. BACKGROUND

This employment discrimination case arises out of plaintiff's claim that she was placed on unpaid leave by defendants because of her pregnancy and/or pregnancy-related restrictions in violation of Title VII, 42 U.S. § 2000e, et seq. Compl. (D.E. 5) ¶¶ 4, 6. Defendants deny the material allegations in plaintiff's complaint. *See generally* Defs.' Ans. (D.E. 11).

On 26 May 2017, defendants served on plaintiff their first set of discovery requests. Disc. Reqs. (D.E. 21-2). Pursuant to Fed. R. Civ. P. 5(b)(2)(C), 6(d), 33(b)(2), and 34(b)(2)(A), plaintiff's responses to the discovery requests were required to be served by 28 June 2017. Mot. (D.E. 21) ¶ 9. Defendants made several attempts to remind plaintiff of the overdue responses. Mot. ¶ 6; 10 July 2017 Email (D.E. 21-3); 19 July 2017 Ltr. (D.E. 21-4); 8 Aug. 2017 Email (D.E. 21-5). Plaintiff served no discovery responses, and on 11 August 2017, defendants filed the instant motion to compel. On 13 October 2017, defendants filed a motion to request a status conference with the court. The motions were referred to the undersigned for disposition on 21 December 2017. *See* D.E. 34.

## II. APPLICABLE LEGAL PRINCIPLES

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery on each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The district court has broad discretion in determining relevance for discovery purposes. *Seaside Farm, Inc. v. United States*, 842 F.3d 853, 860 (4th Cir. 2016); *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209

(W.D. Va. 2016) ("[T]he party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." (quoting *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010))); *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))).

Rule 33 governs interrogatories. It provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Rule 33 requires that a party served with interrogatories answer each fully under oath to the extent that the party does not object to the interrogatory. *Id.*(b)(3). Objections not made timely are waived, subject to the court excusing the untimeliness for good cause. *Id.*(b)(4).

Rule 34 governs requests for production of documents. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." *Id.* 34(b)(2)(C). Objections not timely asserted are waived. *See, e.g., Frontier-Kemper Constructors, Inc.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007); *Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.*, 200 F.R.D. 255, 258 (M.D.N.C. 2001).

When a party withholds information on the basis of privilege, including work-product protection, it must expressly assert the privilege objection in response to the particular discovery request involved. Fed. R. Civ. P. 26(b)(5)(A). In addition, the party must serve with its discovery responses a privilege log in conformance with Rule 26(b)(5)(A). *See id.*

Rule 37 allows for the filing of a motion to compel discovery responses. *See id.* 37(a)(3)(B). Rule 37 requires that a motion to compel discovery "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.*(a)(1). Similarly, Local Civil Rule 7.1(c), E.D.N.C. requires that "[c]ounsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions." Local Civ. R. 7.1(c) (E.D.N.C.); *see Jones v. Broadwell,* No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. 8 May 2013) (denying motion to compel which did not state that party complied with Rule 37(a) or Local Civil Rule 7.1(c)).

In addition, Rule 37 requires that the moving party be awarded expenses when a motion to compel discovery is granted except when the movant filed the motion without attempting in good faith beforehand to obtain the discovery without court intervention, the opposing party's opposition to the discovery was substantially justified, or other circumstances would make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If a motion to compel is denied, expenses must be awarded to the person opposing the motion except when the motion was substantially justified or other circumstances would make an award of expenses unjust. *Id.*(a)(5)(B). If a motion to compel is allowed in part and denied in part, the court may apportion the expenses for the motion. *Id.*(a)(5)(C).

### III. DEFENDANTS' MOTION TO COMPEL

#### A. Merits of Motion

As indicated, by their motion, defendants seek an order compelling plaintiff to serve responses to their first set of discovery requests.

4

Defendants have duly certified that they attempted to resolve this matter without court intervention (*see* Mot. ¶ 6), in addition to detailing their efforts to resolve the matter, as noted. Having failed to respond to defendants' motion, plaintiff does not contest the relief defendants seek or the grounds advanced by defendants for it. Irrespective of the unopposed nature of the motion, the court finds that plaintiff has failed to comply with her discovery obligations under Rules 26, 33, and 34. The court has reviewed defendants' discovery requests and cannot say that they are outside the permissible scope of discovery. The court therefore ALLOWS defendants' motion on the following terms:

**No later than 12 April 2018, plaintiff shall serve on defendants her response to the first set of document production requests.** The response shall contain a response to each individual production request, otherwise meet the requirements of Rule 34(b)(2)(B)-(E), and be duly executed pursuant to Rule 26(g)(1). Immediately above her response to a particular request, plaintiff shall set out the request to which the response relates.

Plaintiff waived any objections to the production requests by her failure to respond timely to them. *See, e.g., Frontier-Kemper*, 246 F.R.D. at 528; *Drexel Heritage Furnishings*, 200 F.R.D. at 255. Nevertheless, the court will permit her to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in her response to the production requests. This is the only objection plaintiff may assert. To properly claim a privilege, plaintiff must, in addition to expressly asserting it in response to the particular production request involved, serve with her response a privilege log in conformance with Rule 26(b)(5)(A). Any claim of privilege shall meet the requirements for the privilege asserted. Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise

5

claimed. Plaintiff shall serve with her response all documents as to which she does not assert a privilege objection. Failure by plaintiff to timely serve a proper response to the requests for production in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

**In addition, no later than 12 April 2018, plaintiff shall serve on defendants complete answers to each of the interrogatories in the first set of interrogatories.** The responses to the interrogatories shall be signed by plaintiff under oath. Immediately above her response to a particular interrogatory, plaintiff shall set out the interrogatory to which the response relates.

As with the document production requests, plaintiff waived all objections by not asserting them. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause excuses the failure."). Nevertheless, the court will permit her to assert proper claims of privilege (including, *e.g.*, attorney-client privilege, work-product protection) in her response to the interrogatories. This is the only objection plaintiff may assert. Any claim of privilege shall meet the requirements for the privilege asserted. Failure by plaintiff to timely serve proper responses to the interrogatories in accordance with this Order could result in the imposition of sanctions on her, as set forth below.

### B. Possible Sanctions

As noted, failure by plaintiff to timely comply with this Order may result in the imposition of sanctions against her. These sanctions may include, but are not limited to: (1) directing that the matters embraced in this Order or other designated facts be taken as established for purposes of the action as defendants claim; (2) prohibiting plaintiff from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (3) striking pleadings in

whole or in part; (4) staying further proceedings until this Order is obeyed; (5) dismissing this case in whole or in part; and/or (6) treating as contempt of court the failure to obey this Order. Fed. R. Civ. P. 37(b)(2)(A).

### C. Expenses

The court has already found that defendants made a good faith effort to resolve the discovery dispute at issue before filing their motion to compel, that plaintiff failed to comply with her obligations under the Federal Civil Rules, and that defendants are entitled to all of the relief sought in their motion (subject to the court's permitting privilege objections). Before allowing an award of defendants' expenses, the court will provide plaintiff an additional time to be heard with respect to expenses.

Accordingly, defendants shall file by 5 April 2018 an affidavit setting out the reasonable attorney's fees and other expenses they claim, along with a supporting memorandum and any other supporting documents. **Plaintiff may file a response to defendants' filing within two weeks after it is served, but in no event later than 19 April 2018.** She may address in her response not only the reasonableness of the expenses claimed by defendants, but also any grounds upon which she contends expenses should not be awarded against her. If plaintiff does not file a response by that date, the court will deem her to have no objection to the fees and other expenses claimed by defendants. The court will thereafter enter an order setting the amount due and the deadline for payment.

## IV. DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER

The Scheduling Order set 29 September 2017 as the deadline for discovery. Sched. Ord. ¶ 3. Defendants move to extend this deadline to 60 days after their receipt of plaintiff's responses

7

to their discovery requests and to amend the other deadlines in the Scheduling Order accordingly. The court finds that defendants have shown good cause for the modifications they seek. *See* Fed. R. Civ. P. 16(b)(4). The Scheduling Order (D.E. 20) is accordingly modified as follows:

1. All discovery shall be commenced in time to be completed by 11 June 2018.

2. Any additional potentially dispositive motions[1] shall be filed by 11 July 2018.

3. All other deadlines in the existing Scheduling Order remain in effect.

## V. DEFENDANTS' MOTION FOR A STATUS CONFERENCE

A status conference will be held on 24 April 2018, at 3:00 p.m. in the Sixth Floor Courtroom of the Terry Sanford Federal Building and Courthouse, 310 New Bern Avenue, Raleigh, North Carolina. **Plaintiff and counsel for defendants shall attend.** At the status conference, the parties shall be prepared to discuss whether plaintiff has complied with the above directives and whether any further amendments to the Scheduling Order are warranted. Plaintiff may also be heard on the award of expenses. If all the parties determine that the status conference is not necessary based on the responses to defendants' discovery requests that plaintiff serves or on other circumstances, counsel for defendants shall file a motion seeking cancellation of the conference that recites plaintiff consent to it.

## VI. CONCLUSION

In summary, for the reasons and on the terms set forth above, IT IS ORDERED as follows:

1. Defendants' motion to compel and to amend the scheduling order (D.E. 21) is ALLOWED.

---

[1] The court notes that defendants have filed a motion for summary judgment (D.E. 25). In their summary judgment motion, defendants request leave to supplement the summary judgement motion in the event the instant motion to compel is allowed. Defs.' Sum. J. Mot. 1.

2. Defendants' motion for a status conference (D.E. 24) is ALLOWED.

3. Any award of expenses shall be subject to further briefing.

SO ORDERED, this 22nd day of March 2018.

_____
James E. Gates
United States Magistrate Judge